UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JERAMIE STEPHENS,**

    Plaintiff,

v.

CASE NO.: 5:19-CV-467-OC-30

**DIRECTV, LLC., IQOR HOLDINGS US, LLC., THE CBE GROUP, INC., and RECEIVABLES PERFORMANCE MANAGEMENT, LLC.**

    **Defendants.**
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, JERAMIE STEPHENS, by and through the undersigned counsel, and files this Amended Complaint against Defendants, DIRECTV, LLC (DIRECTV) a Foreign for-profit corporation (DIRECTV), IQOR HOLDINS, LLC. (IQOR), a Foreign Limited Liability Company, THE CBE GROUP, INC. (CBE), a Foreign for-profit corporation, and RECEIVABLES PERFORMANCE MANAGEMENT, LLC. (RPM), Foreign Limited Liability Company (collectively "Defendants"), for violations of 47 U.S.C. §§ 227 et seq., Telephone Consumer Protection Act (TCPA) and Florida Statutes §§ 559.55 – 559.785, Florida Consumer Collection Practices Act (FCCPA), Plaintiff also files this amended complaint against Defendants, IQOR HOLDINS, LLC. (IQOR), THE CBE GROUP, INC. (CBE), and RECEIVABLES PERFORMANCE MANAGEMENT, LLC. (RPM), for violations of, 15 U.S.C. § 1692 *et. Seq.* the Fair Debt Collection Practices Act (FDCPA) and in support thereof states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

2. Venue for purposes of this action is proper in this District pursuant to 28 U.S.C. § 1391.

3. Violations described in the Complaint occurred while Plaintiff was in Leesburg, Florida.

## PARTIES

4. At all material times relevant to this action, Plaintiff is/was a natural person and citizen of the State of Florida, residing in Leesburg, Florida

5. At all material times relevant to this action, Plaintiff is/was a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

6. At all material times relevant to this action, Plaintiff is/was an "alleged debtor."

7. At all material times relevant to this action, Plaintiff was the "called party" during each phone call subject to this lawsuit. *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

8. At all material times relevant to this action, Defendant DIRECTV is/was a Foreign Profit Corporation with its principal place of business in Bedminster, New Jersey, and conducts business in the State of Florida.

9. At all material times relevant to this action, Defendant, IQOR is/was a Foreign Limited Liability Company with its principal place of business in Delaware and conducts business in the State of Florida.

10. At all material times relevant to this action, Defendant, CBE is/was a Foreign Profit Corporation with its principal place of business in Cedar Falls, Iowa, and conducts business in the State of Florida.

11. At all material times relevant to this action, Defendant, RPM is/was a Foreign Limited Liability Company with its principal place of business in West Lynnwood, Washington, and conducts business in the State of Florida

12. At all material times relevant to this action, DIRECTV is/was a "Creditor" as defined by Florida Statute § 559.55(5) and 15 U.S.C. § 1692(a)(4).

13. At all material times relevant to this action, Defendants, DIRECTV, IQOR, CBE and RPM, are/were "Debt Collectors" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

15. Plaintiff at times material was the regular user and carrier of the cellular telephone number at issue, (352) 272-5874.

16. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

17. Defendants did not have the "express consent" of the Plaintiff to call his cell phone.

18. Defendants did not have the "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system" (ATDS).

19. Defendants were put on notice Plaintiff did not want the Defendants contacting him.

20. Defendants did not have the "express consent" of the Plaintiff to call him on any accounts in which Defendants made calls to the Plaintiff.

21. Defendants were told repeatedly to stop calling.

22. Any "expressed consent", to the extent any existed, the Defendants may have had or believed it had to contact the Plaintiff, was expressly revoked by the Plaintiff.

23. Any "expressed consent", to the extent any existed, the Defendants may have had or believed it had to contact the Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice, was expressly revoked by the Plaintiff.

24. Upon information and belief, Defendants are in custody and control of audio recordings of all calls made to the Plaintiff which are the subject of this action.

25. Defendants attempted to collect an alleged debt from the Plaintiff by through their campaign of telephone calls with intent to annoy and harass the Plaintiff.

26. Defendants made at least one call to (352) 272-5874.

27. Defendants made at least one call to (352) 272-5874 using an ATDS.

28. Defendants made at least ten (10) calls to (352) 272-5874.

29. Defendants made at least ten (10) calls to (352) 272-5874 using an ATDS.

30. Defendants made at least fifty (50) calls to (352) 272-5874.

31. Defendants made at least fifty (50) calls to (352) 272-5874 using an ATDS.

32. Defendants made at least one hundred (100) calls to (352) 272-5874.

33. Defendants made at least one hundred (100) calls to (352) 272-5874 using an ATDS.

34. Defendants made at least five hundred (500) calls to (352) 272-5874.

35. Defendants made at least five hundred (500) calls to (352) 272-5874 using an ATDS.

36. Each call the Defendants made to (352) 272-5874 in the last four years were made using an ATDS.

37. Each call the Defendants made to the Plaintiff's cell phone were done so without the "express consent" of the Plaintiff.

38. Each call the Defendants made to the Plaintiff were made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

39. The calls at issue were placed by the Defendants using a "prerecorded voice," as specified by the, 47 U.S.C. § 227(b)(1)(A).

40. Plaintiff repeatedly requested the Defendants to stop calling his cell phone, however, the Defendants continued to make calls.

41. Plaintiff put Defendants on notice that Plaintiff did not want any phone calls from Defendants.

42. Defendants ignored Plaintiff's requests to not be contacted by Defendants.

43. Defendants have recorded at least one conversation with the Plaintiff.

44. Defendants have recorded numerous conversations with the Plaintiff.

45. Defendants have made approximately six hundred and twenty-four (624) calls to Plaintiff's aforementioned cellular telephone number in the past four years.

46. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abusive, annoying, and harassing robocalls.

47. Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

48. Defendants' phone calls harmed Plaintiff by wasting his time.

49. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendants' phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

50. Defendants' corporate policies and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendants may have mistakenly believed it had.

51. Defendants' corporate policies and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

52. Defendants have corporate policies of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

53. Defendants never had the Plaintiff's expressed consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

54. No telephone calls made by the Defendants' to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

55. Defendants, DIRECTV, IQOR, CBE, and RPM violated the TCPA and FCCPA with respect to the Plaintiff.

56. Defendants, DIRECTV, IQOR, CBE, and RPM willfully or knowingly violated the TCPA and FCCPA with respect to the Plaintiff.

57. Defendants IQOR, CBE, and RPM violated the FDCPA with respect to the Plaintiff.

58. Defendants IQOR, CBE, and RPM willfully or knowingly violated the FDCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA as to all Defendants)

59. Plaintiff incorporates Paragraphs one (1) through fifty-eight (58).

60. Defendants willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after he revoked his consent to be called by them using an ATDS or pre-recorded voice.

61. Defendants knowingly violated the TCPA with respect to the Plaintiff, for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent, to the extent any existed, to be called by Defendants using an ATDS or pre-recorded voice.

62. Defendants repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

63. As a result of Defendants' conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

64. As a result of Defendants' knowing and willful conduct, Plaintiff is entitled to actual damages and, under § 227(b)(3)(C), is entitled to, inter alia, a an award to an amount equal to not more than 3 times the amount in paragraph sixty (60) above for each such violation of the TCPA.

65. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendants, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA as to all Defendants)**

66. Plaintiff incorporates Paragraphs one (1) through fifty- eight (58).

67. At all times relevant to this action Defendants are subject to Florida Statute § 559.72.

68. Defendants have violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

69. Defendants have violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

70. Defendants have violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendants knew that the debt is not legitimate or asserted the existence of some legal right when Defendants knew that right does not exist.

71. Defendants' actions have directly and proximately resulted in Plaintiff's damages and entitlement thereto as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

### COUNT III
**(Invasion of Privacy – Intrusion Upon Seclusion, as to all Defendants)**

72. Plaintiff incorporates Paragraphs one (1) through fifty- eight (58).

73. Defendants through their collection conduct, have repeatedly and intentionally invaded Plaintiff's privacy.

74. All of the calls made to Plaintiff's cell phone by Defendants and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

75. Defendants' persistent autodialed calls to his cellular phone eliminated Plaintiff's right to be left alone.

76. Defendants' autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during his work, and continually frustrated and annoyed Plaintiff.

77. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

78. By calling his cellular phone, Plaintiff had no escape from these collection calls either in his home or when he left the home.

79. By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendants invaded Plaintiff's right to privacy under the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

80. Defendants' harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to his cellular telephone after requests to stop is highly offensive to a reasonable person.

81. Defendants intentionally intruded upon Plaintiff's solitude and seclusion.

82. As a result of Defendants' actions or inactions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FDCPA as to IQOR, CBE, and RPM)

83. Plaintiff incorporates Paragraphs one (1) through fifty-eight (58).

84. At all times relevant to this action, Defendants IQOR, CBE, and RPM are subject to and must abide by 15 U.S.C. § 1692 *et seq.*

85. Defendants, IQOR, CBE, and RPM engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

86. Defendants, IQOR, CBE, and RPM engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

87. Defendants, IQOR, CBE, and RPM engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against defendants, IQOR, CBE, and RPM, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Dated this 12th day of November, 2019.

Respectfully submitted,

*/s/ Bobby A. Lean, Jr.*
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
Bobby A. Lean, Jr., Esq.
Florida Bar No.: 118769
The Leach Firm, P.A
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Primary Email: blean@theleachfirm.com
Secondary Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***