UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| **JERAMIE STEPHENS,**<br><br>             **Plaintiff,**<br><br>      vs.<br><br>**DIRECTV, LLC., IQOR HOLDINGS US, LLC., THE CBE GROUP, INC., and RECEIVABLES      PERFORMANCE MANAGEMENT, LLC,**<br>             **Defendants.** | **CASE NO. 5:19-CV-467-OC-30** |

**DIRECTV, LLC'S MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE CASE FOR LACK OF PROSECUTION, OR IN THE ALTERNATIVE, TO CONTINUE THE MEDIATION DEADLINES**

Jeramie Stephens' ("Stephens") claims against DIRECTV, LLC ("DIRECTV") are without merit. In fact, Stephens already dismissed with prejudice similar claims against the collection agencies for whose collections activities he seeks to hold DIRECTV vicariously liable. Despite dismissing those companies, Stephens repeatedly failed to respond to requests from DIRECTV to either similarly dismiss it from the case or to move the case forward consistent with the Court's scheduling orders. Given the upcoming deadlines related to discovery and a mediation, it now appears clear that Stephens has abandoned his claim and thus the case should be dismissed for want of prosecution.

**BACKGROUND**

On September 19, 2019, Stephens first filed suit against AT&T Corporation, an affiliate of DIRECTV. Dkt. No. 1 At that time, attorneys at the Leach Law Firm represented Stephens. On November 12, 2019, Stephens filed an amended complaint, which named DIRECTV and three

1

collection agencies—iQor Holdings US, LLC ("iQor"), The CBE Group, Inc. ("CBE") and Receivables Performance Management ("RPM")— as the defendants. Dkt. No. 9.

The amended complaint alleges that the three collections agencies placed a series of phone calls to Stephens' cellular telephone number in an attempt to collect on a DIRECTV account. *Id.* at ¶¶ 25-37. Stephens further alleges that the calls were placed without his express consent and that the calls continued even after he informed DIRECTV, the collection agencies, and/or their representatives that he did not wish to receive further calls. *Id.* at ¶¶ 17-22. Stephens alleges these calls violated the Telephone Consumer Protection Act's ("TCPA") prohibitions on using a prerecorded voice or an automatic telephone dialing system ("ATDS") to call an individual's cellular telephone number without his or her consent. *Id.* at ¶¶ 59-65. He also alleges the calling violated Florida's Consumer Collection Practices Act ("FCCPA") and ran afoul of common law tort prohibitions on invasion into seclusion. *Id.* at ¶¶ 66-82.[1]

During discovery, Stephens elected to drop each of the three collection agencies from the case (presumably because responses to informal and formal initial discovery revealed he had no real claim). Thus, Stephens dismissed CBE on March 30, 2020 (Dkt. No. 29), iQor on May 18, 2020 (Dkt. No. 31), and RPM on May 19, 2020 (Dkt. No. 33). All three dismissals were entered with prejudice.

Because the entities whose conduct Stephens seeks to hold DIRECTV vicariously liable for had been dismissed from the case, and because discovery showed that any claim against DIRECTV was similarly frivolous, DIRECTV requested that Stephens also dismiss it from the case on May 29, 2020. On June 12, 2020, Plaintiff's counsel instead informed DIRECTV that he

---

[1] The Amended Complaint also alleged violations of the Fair Debt Collection Practices Act against iQor, RPM, and CBE, but those claims were not pled against DIRECTV.

intended to seek leave to withdraw as counsel due to his client's failure to respond to his inquiries. *See* 6/12/20 email from Bruce A. Mount to Kyle J. Steinmetz (attached hereto as Exhibit A).

Before Plaintiff's counsel filed their motion to withdraw, on June 23, 2020 the Court entered an order referring the case to mediation. Dkt. No. 34. The Court designated Plaintiff's counsel to coordinate the mediation and set deadlines of August 5, 2020 to select a mediator and October 15, 2020 to complete the mediation. In response to that order, counsel for DIRECTV emailed Plaintiff's counsel to confirm that he still intended to withdraw, which Plaintiff's counsel confirmed. *See* 7/7/20 email from Bruce A. Mount to Kyle J. Steinmetz (attached hereto as Exhibit B).

On July 14, 2020, Plaintiff's counsel filed his motion to withdraw. In the motion, Plaintiff's counsel informed the Court that his client had been unresponsive to his attempts to communicate with him for months. Dkt. No. 37 at ¶¶ 1-3. Later that day, the Court granted the motion and ordered that future correspondence be directed to the plaintiff at his personal address. Dkt No. 38.

Two days later, counsel for DIRECTV sent a letter to Stephens. That letter informed Stephens of DIRECTV's position that it should be dropped from the case immediately, discussed the upcoming the deadlines for mediation (including whether Stephens needed more time to select a mediator now that he represented himself), and informed Stephens that should he not drop DIRECTV from the case, DIRECTV intended to take his deposition at a mutually agreeable time. *See* Ex. C. DIRECTV received no response, and on July 23, 2020 DIRECTV sent Stephens a follow-up letter, asking for a response to its letter and informing Stephens of its intention to file this motion should he not respond. *See* Ex. D. Finally, on July 30, 2020, DIRECTV sent Stephens

3

an additional letter enclosing a copy of this motion, informing Stephens that DIRECTV would file the motion on August 3 should it not hear back from him.[2] *See* Ex. E.

In short, DIRECTV repeatedly attempted to get Stephens to comply with his obligations under the Court's orders and the Federal Rules, but he never responded. The Federal Rules are clear that the proper recourse in such a situation is dismissal for failure to prosecute. At a minimum, Stephens' failure to respond constitutes good cause to reset the mediation deadlines, as Stephens has made it impossible for DIRECTV to comply with the Court's order despite DIRECTV's own diligence.

## STANDARD

Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While dismissal of a claim with prejudice under Rule 41(b) is admittedly a sanction of last resort, it is appropriate when there is a "clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). Local Rule 3.10 similarly allows the Court to enter an order to show cause why the case should not be dismissed if a case is not being "diligently prosecuted." With respect to the Court's deadlines related to mediation, the Court retains the ability to extend or continue any deadline in a scheduling order for good cause. Fed R. Civ. P. 16(b)(4).

## ARGUMENT

### A. All Claims Against DIRECTV Should Be Dismissed With Prejudice For Failure to Prosecute.

The case for dismissing the case against DIRECTV is simple—Stephens shows no interest in prosecuting his case, thus causing delay that lessor sanctions cannot correct. Stephens' counsel

---

[2] Each letter was sent by overnight priority mail express.

has already withdrawn because Stephens refused to participate in the case or in discovery. The parties now cannot meet the Court-ordered deadlines for selecting a mediator because Stephens repeatedly failed to respond to correspondence from DIRECTV addressing mediation, among other things. Stephens' ongoing absence from the case similarly jeopardizes other upcoming deadlines, including the ability to complete oral discovery by the Court's September 15, 2020 deadline. Stephens has even failed to respond or indicate his intention to oppose this motion that would terminate his case. Where, as here, a plaintiff effectively disappears and elects to cease prosecuting his case, dismissal is the appropriate sanction. *Hayward v. SSP America, Inc.*, 2012 WL 2814160, at *2 (M.D. Fla. June 22, 2012); *Jenkins v. Hunter Warfield, Inc.*, 2011 WL 693571, at **2-3 (M.D. Fla. Feb. 2, 2011).

### B. If The Court Does Not Dismiss Plaintiff's Case, Good Cause Exists To Extend The Mediation Deadlines.

Should Plaintiff reappear and the Court elect not to dismiss the case for his continued failure to prosecute, DIRECTV should nevertheless receive relief from the mediation scheduling order. DIRECTV repeatedly reached out to Stephens and his prior counsel to facilitate selecting a mediator or proposing a revised schedule to the Court that would account for Stephens now representing himself. Any attempt to select a mediator, however, has been thwarted by the motion to withdraw and by Stephens' subsequent decision not to participate in the case. Entering and continuing the deadlines for selecting a mediator until 30 days from the Court's ruling on this motion and the deadline for completing the mediation to 90 days from the Court's ruling on this motion would address the prejudice to DIRECTV's ability to comply with the schedule caused by Stephens' failure to respond to its repeated inquiries regarding the case and the mediation.

### CONCLUSION

Stephens has abandoned his case by failing to respond to DIRECTV's repeated correspondence. In doing so, he has made it impossible for the parties to meet the Court's current mediation deadlines. Moreover, Stephens shows no signs of reemerging to prosecute his case. The proper sanction for such a failure to prosecute is dismissal. At a minimum, the deadlines for Court-ordered mediation should be extended.

Dated: August 3, 2020.

        Respectfully submitted,

        /s Kyle J. Steinmetz__
        Scott A. Markowitz
        Florida Bar No.: 016608
        **TORRESVICTOR**
        1451 W. Cypress Creek Road
        Suite 211
        Ft. Lauderdale, FL 33309
        Tel.: 954-416-2468
        Fax: 561-270-0250
        Email: smarkowitz@torresvictor.com

- and -

        Kyle J. Steinmetz
        *Admitted Pro Hac Vice*
        ksteinmetz@mayerbrown.com
        MAYER BROWN LLP
        71 S. Wacker Drive
        Chicago, IL 60606
        Telephone: (312) 701-8547
        Facsimile: (312)-706-9178
        *Attorneys for Defendant DIRECTV*

## **CERTIFICATE OF COMPLIANCE**

  I, Kyle Steinmetz, hereby certify that as described in the above motion, I have made a good-faith effort to confer with Plaintiff regarding the relief sought in this motion, but Plaintiff has not responded to my multiple attempts at correspondence.

                /s/ Kyle J. Steinmetz

## **CERTIFICATE OF SERVICE**

I, Kyle J. Steinmetz, an attorney, do hereby certify that I caused a copy of the foregoing to be served upon the following, by certified U.S. mail, on August 3, 2020

Jeramie Stephens
91 South Davis St.
Beverly Hills, FL 34465

/s/ Kyle J. Steinmetz